JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HOWARD WILEY<br><br>V.<br><br>QUIN LIU | CASE NO. 2:24-cv-01934-JLS-BFM<br><br>**ORDER GRANTING MOTION TO DISMISS (Doc. 12)** |

  Before the Court is a Motion to Dismiss filed by Defendant Quin Liu (sued under the erroneous name Quinn Lu). (Mot., Doc. 12.) Plaintiff Edward Howard Wiley opposed, and Liu responded. (Opp., Doc. 17; Reply, Doc. 23.) For the following reasons, the Court GRANTS the Motion.

  Wiley brings six claims against Liu in his Complaint: (1) gross negligence; (2) medical common law battery; (3) informed consent violation; (4) negligent infliction of emotional distress; (5) violation of Fourteenth Amendment rights; and

(6) violation of Fourth Amendment rights. (*See* Compl., Doc. 1.) Wiley is a *pro se* litigant and does not allege the basis of the Court's subject-matter jurisdiction. (*See generally id.*)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the party invoking federal jurisdiction, Wiley has the burden of establishing the existence of subject matter jurisdiction. *Id.*

Though Wiley does not allege the basis of the Court's jurisdiction, the Court interprets the Complaint as trying to invoke federal question jurisdiction under 28 U.S.C. § 1331. Indeed, Wiley purports to bring several claims under federal law, specifically 22 U.S.C. § 2702 and the Fourth and Fourteenth Amendments to the U.S. Constitution. But neither the statute nor the constitutional provisions allow Wiley to assert a federal claim against a private citizen like Liu.

First, claims brought under 22 U.S.C. § 2702 are limited to "actions for malpractice of physicians who work for the Department of State of any other federal department, agency or instrumentality." *Thomas v. Griffin Mem'l Hosp.*, 9 F.3d 1557, *1 (10th Cir. 1993). Liu is a private citizen, not employed by the U.S. government, the Department of State, or any other federal department, agency, or instrumentality. (*See* Mot. at 16.) Wiley cannot state a claim under § 2702 against Liu.

Likewise, neither the Fourth nor the Fourteenth Amendments can be enforced against private citizens. *United States v. Walther*, 652 F.2d 788, 791 (9th Cir. 1981) ("A wrongful search or seizure by a private party does not violate the fourth amendment."); *United States v. Morrison*, 529 U.S. 598, 621 (2000) ("[The Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948))). Wiley does not allege that Liu acted under a grant of authority from the state; nor

can he because Liu is a private citizen employed by a private employer.  (*See* Mot. at 16.)

As a result, Wiley has not stated a claim under federal law and the Court lacks federal question jurisdiction.  Without original jurisdiction over a federal claim, the Court cannot exert supplemental jurisdiction over Wiley's state law claims.  *See* 28 U.S.C. § 1367.  The Motion to Dismiss under Federal Rule 12(b)(1) for lack of subject-matter jurisdiction is GRANTED.  The Court need not reach the merits of Wiley's claims under Federal Rule 12(b)(6).  Instead, the claims are DISMISSED WITHOUT PREJUDICE to refiling in state court.

**IT IS SO ORDERED.**

DATED:    May 29, 2024

_____
HON. JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE